CUSHING v. LILLY.

1. COVENANTS—ENFORCEMENT OF RESTRICTIONS.

Decisions in suits to enforce restrictions depend entirely upon the facts in each particular case.

2. SAME—CHANGE IN CHARACTER OF NEIGHBORHOOD—RELIEF FROM RESTRICTIONS.

Relief from very onerous restrictions because of a change in the character of the neighborhood will be granted only if it can be done without causing any damage to others who have purchased their property in the restricted area in reliance on the restrictions.

3. SAME—CHANGE OF CIRCUMSTANCES—RAILROAD RIGHT-OF-WAY THROUGH RESIDENTIAL SUBDIVISION.

Where about 10 years after subdivision in township territory was platted and restricted to residential purposes only a railroad right-of-way was laid out across a corner thereof so as to cut off defendant's two lots from direct communication with

balance of subdivision and hide them from view, his lots comprised about a four-acre tract and were in the nature of a small-farm property while plaintiffs' properties in subdivision were appropriately fitted for residential purposes, there was such a change of circumstances as to make it inequitable to enforce the restrictions as to building of residences only on defendant's property.

4. SAME—CHANGE OF CIRCUMSTANCES—BUILDING RESTRICTIONS.

Where a change of circumstances rendered it inequitable to enforce restrictions in a subdivision to buildings for residential purposes only, the building of a barn and chicken coop prior to the building of a house became a moot question.

5. COSTS—BRIEFS.

No costs are allowed appellee upon affirmance of decree where he filed no brief.

Appeal from Oakland; Doty (Frank L.), J. Submitted June 4, 1946. (Docket No. 10, Calendar No. 43,377.) Decided September 11, 1946.

Bill by William T. Cushing and others against W. C. Lilly to restrain violation of building and use restrictions. Decree for defendant. Plaintiffs appeal. Affirmed.

*Keeling, Bogue, Huthwaite & Becker (Friedman, Meyers & Keys,* of counsel), for plaintiffs.

SHARPE, J. This is a suit to secure a permanent injunction restraining defendant, W. C. Lilly, from constructing and using a horse barn and chicken coop on his property in Bloomfield Manor Subdivision, Bloomfield township, Oakland county, Michigan.

Plaintiffs are the owners of certain lots located in the westerly portion of the above subdivision. The plaintiff Bloomfield Manor Improvement Association is a Michigan corporation whose membership consists of property owners in the mentioned

subdivision. It was organized for the purpose of safeguarding the interests of the property owners and to promote the enforcement of restrictions in such subdivision; and is the successor to Bloomfield Estates Company mentioned in the restrictions hereinafter noted.

The Bloomfield Manor Subdivision was platted in 1915 with established restrictions against the lots for the benefit and protection of the future lot owners. The restrictions involved in this case are as follows:

"Each lot or lots shall be used for strictly residence purposes only, and no building except a single dwelling house and the necessary outbuildings shall be erected or moved upon any lot or lots.    *    *    *

"Plans or sketches sufficient to convey a comprehensive idea of the exterior elevations of all buildings to be erected upon any of said lots shall be submitted to and approved by the Bloomfield Estates Company, before construction of the same is begun, until such time as the said Company, its successors or assigns shall turn said authority over to an improvement association composed of property owners in this allotment."

Plaintiffs have constructed expensive and attractive residences on their respective lots which they occupy as their permanent homes.

Defendant is the owner of lots 2 and 3 in the subdivision. On or about April 1, 1945, he began the construction of a barn and chicken brooder house on lot 3 without having submitted any plans or sketches of the proposed structures to the improvement association. Under date of April 4, 1945, the attorney for the improvement association wrote defendant a letter the substance of which was that the construction and use of the buildings would be a violation of the building restrictions. Defendant

disregarded the letter and continued the construction of the buildings, whereupon plaintiffs filed the instant suit.

It appears that in 1924 or 1925 a 100-foot right-of-way for a railroad went across lots 37, 38, 2, 3, and 4 of the subdivision; that lots 2 and 3 are east of the railway tracks; that defendant's lots are adjacent to nonrestricted property; that by reason of the railway right-of-way, defendant's property is cut off from all direct communication with lots in the subdivision that lie west of the railway right-of-way; that defendant's lots have an acreage of approximately four acres; that the house owned by plaintiffs Cushing is approximately 1,200 feet from the property owned by defendant; that plaintiff Cushing's home is the closest to defendant's property of any home in the subdivision lying west of the tracks; and that defendant has plans for and intends to build a home costing upwards of $10,000.

The trial court filed an opinion in which he stated:

"The right-of-way on the relocation cuts a corner of the subdivision, the right-of-way being 429 feet, and completely isolates defendant's property, lots 2 and 3, from that of plaintiffs. Plaintiffs' property is on the west side of the railroad and defendant's property is on the east. There is no street leading from lots 2 and 3 to any of the property of the subdivision east of the railroad. The railroad and the contour of the land are such that defendant's property is hid from view of that of the plaintiffs. Adjoining defendant's property on the east and north is, to a large extent, farm land.

"After looking over the property and hearing the testimony in this case, I am inclined to hold that the relocation of the right-of-way of the Grand Trunk Railroad has automatically nullified restrictions of property of defendant which is located east of the railroad right-of-way. Under the circum-

stances of this case, the restrictions on defendant's property are of no value to plaintiffs. The right-of-way of the railroad has not affected any of the restrictions west of the railroad as that remains one contiguous whole, but has cancelled them as far as defendant's property is concerned."

Plaintiffs appeal and urge that the trial court was in error in canceling all restrictions on all lots lying east of the railroad; that the condemnation of the strip of land by the railroad did not automatically cancel the restrictions; that defendant had no right to erect a barn and chicken coop on lot 3 without a residence on said lot; and that the use to be made of the barn and chicken house are in violation of the restriction which limits the use of the premises to "strictly residence purposes only."

The principal question in this case may be stated as follows: Did the condemnation of the strip of land through the subdivision for a right-of-way for the railroad make it inequitable for plaintiffs to enforce the restrictions insofar as defendant's lots are concerned? As has been frequently stated, decisions in restriction cases depend entirely upon the facts in each particular case.

In *Taylor Avenue Improvement Ass'n* v. *Detroit Trust Co.,* 283 Mich. 304, 309, we said:

"Relief from very onerous restrictions because of a change in the character of the neighborhood will be granted only if it can be done without causing any damage to others who have purchased their property in the restricted area in reliance on the restrictions."

In the case at bar the two lots owned by defendant are not like ordinary city lots. They contain approximately four acres of land. They are cut off from all direct communication with lots on the

west, side of the tracks, there being no right-of-way across the railroad tracks. The home owned by plaintiffs Cushing is approximately 1,200 feet from the property owned by defendant. The property lying west of the tracks is appropriately fitted for residential purposes while the property east of the tracks is more in the nature of small farm properties.

In our opinion the right-of-way of the railroad has created such a change in conditions as would make it inequitable to enforce the building restrictions on defendant's property. In view of our decision, the building of a barn and chicken coop prior to the building of a house becomes a moot question.

The decree of the trial court in so far as it affects defendant's property is affirmed, but without costs in view of the fact that defendant has not filed a brief.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, and NORTH, JJ., concurred. STARR, J., took no part in the decision of this case.